UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 4:06-cr-6 |
| vs. | ) | |
| | ) | JUDGE COLLIER |
| SHANNON PROSSER | ) | |

MEMORANDUM AND ORDER

SHANNON PROSSER ("Supervised Releasee") appeared for an initial appearance before the undersigned on December 26, 2013, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender Under Supervision ("Petition"). Those present for the hearing included:

(1) An Assistant United States Attorney for the Government.
(2) The Supervised Releasee.
(3) Attorney Myrlene Marsa for defendant.

After being sworn in due form of law, the Supervised Releasee was informed or reminded of his privilege against self-incrimination accorded him under the 5th Amendment to the United States Constitution.

It was determined the Supervised Releasee wished to be represented by an attorney and he qualified for the appointment of an attorney to represent him at government expense. Federal Defender Services of Eastern Tennessee, Inc. was APPOINTED to represent the defendant. It was determined the Supervised Releasee had been provided with a copy of the Petition and the Warrant for Arrest and had the opportunity of reviewing those documents with his attorney. It was also determined he was capable of being able to read and understand the copy of the aforesaid documents he had been provided

The Supervised Releasee waived his right to a preliminary hearing and detention hearing.

The Government moved the Supervised Releasee be detained pending a hearing to determine whether his term of supervision should be revoked.

Findings

(1) Based upon the Petition and Supervised Releasee's waiver of preliminary hearing and detention hearing, the undersigned finds there is probable cause to believe the Supervised Releasee has committed violations of his conditions of supervised release as alleged in the petition.

1

Conclusions

It is ORDERED:

(1) The Supervised Releasee shall appear in a revocation hearing before U.S. District Judge Curtis L. Collier.

(2) The motion of the Government that defendant be DETAINED WITHOUT BAIL pending his revocation hearing before Judge Collier is GRANTED.

(3) The U.S. Marshal shall transport the Supervised Releasee to a revocation hearing before Judge Collier on **Thursday, February 6, 2014, at 2:00 pm.**

ENTER.

                                        S /William B. Mitchell Carter
                                        UNITED STATES MAGISTRATE JUDGE